UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert M., | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:22-1476 |
| v. | : | (JUDGE MANNION) |
| Kiloko Kijakazi, Acting Commissioner of the Social Security Administration | : | |
| Defendant | : | |

## ORDER

Pending before this court in this Social Security appeal is the August 7, 2023 report of Magistrate Judge Arbuckle. (Doc. 15). Judge Arbuckle's report recommends that the final decision of the Commissioner denying Plaintiff Robert M.'s application for disability insurance benefits under Title II of the Social Security Act be vacated and that this case be remanded to the Commissioner. No objections have been filed to the report and recommendation.

In order to accept a report and recommendation to which no timely objection has been filed, the court should "satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878

(3d Cir. 1987) (explaining that, even absent objection, district judges should "afford some level of review to dispositive legal issues raised by the report" before adopting it)). In any event, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In considering Plaintiff's appeal of the Commissioner's decision, Judge Arbuckle found that the decision was not supported by substantial evidence, and thus recommended that it be vacated and the case remanded. Judge Arbuckle agreed with Plaintiff that the Administrative Law Judge (ALJ) who presided over Plaintiff's hearing failed to properly evaluate Plaintiff's subjective allegations regarding his own physical symptoms and limitations.

According to the ALJ, Plaintiff's allegations were not supported by the record because they were inconsistent with Plaintiff's treatment and with the objective medical evidence. As to the former reason, Judge Arbuckle found that the ALJ's analysis was not supported by substantial evidence because it was not adequately explained. That is, the ALJ characterized Plaintiff's treatment as "routine and conservative in nature" without discussing the care Plaintiff actually received or explaining why it was inconsistent with his allegations. As to the latter reason, Judge Arbuckle noted that a claimant's subjective allegations regarding his symptoms cannot be rejected solely

because they are not substantiated by objective evidence. 20 C.F.R. §404.1529(c)(2).

Because inconsistency with objective evidence alone is insufficient to reject Plaintiff's allegations, and because their inconsistency with Plaintiff's care was inadequately explained, Judge Arbuckle concluded that the ALJ erred in discrediting these allegations. Judge Arbuckle further found that Plaintiff testified to limitations greater than those accounted for in the ALJ's residual functioning capacity assessment (RFC), which is a necessary component of the disability determination. 20 C.F.R. §404.1520(e); *Burnett v. Commissioner of Social Security Admin.*, 220 F.3d 112, 118 (3d Cir. 2000). Given that the ALJ improperly discounted Plaintiff's subjective allegations, and thus did not fully account for them in the RFC, Judge Arbuckle concluded that remand was required.

Upon review of Judge Arbuckle's report and recommendation, the court finds no clear error of record, and agrees with the sound reasoning that led Judge Arbuckle to his conclusions. Therefore, the court will adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

(1) The report and recommendation of Judge Arbuckle, (Doc. 15), is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

(2) Plaintiff's appeal, (Doc. 1), is **GRANTED**.

(3) The final decision of the Commissioner of Social Security is **VACATED**.

(4) The case is **REMANDED** to the Commissioner for the reasons outlined in this order.

(5) The Clerk of Court is directed to **CLOSE THIS CASE**.

*[signature]*

**MALACHY E. MANNION**
United States District Judge

**DATE: August 30, 2023**
22-1476-01